9311

SEABOARD AIR LINE RY. v. HAMPTON *ET. AL.*

(88 S. E. 5.) ·

1. RAILROADS—PHYSICAL CONNECTION OF ROADS—ORDER OF RAILROAD COMMISSION—INJUNCTION PENDENTE LITE—GROUNDS.—In suit by a railroad against the State Railroad Commission, the Attorney General, and another road to enjoin the commission from requiring the road to make a physical connection with the defendant line and transport freight offered by it, where plaintiff may be injured because the service *pendente lite* exacted of it by the commission cannot be compensated for if it should eventuate that plaintiff is entitled to an injunction, while the other road can be protected by a bond exacted of plaintiff, plaintiff is entitled to an injunction *pendente lite*.

2. INJUNCTION—TEMPORARY INJUNCTION—CONSIDERATION OF MERITS.— In a railroad's suit to enjoin the Railroad Commission and others from enforcing the commission's order requiring plaintiff to make a connection with another road, the Circuit Judge, on plaintiff's application for a temporary injunction, could consider the merits only in determining whether there was a *prima facie* showing for the injunction.

Before MOORE, J., Lancaster, September, 1915. Reversed.

Action by the Seaboard Air Line Railway against G. McDuffie Hampton and others, members of and as constituting the Railroad Commission of South Carolina, and others. From an order denying plaintiff an interlocutory injunction, it appeals. Order reversed, and an injunction order previously made on motion for a supersedeas continued in force *pendente lite*.

*Mr. J. B. S. Lyles,* for appellant, cites: *As to rule of practice, when an injunction pendente lite should issue:* 54 S. C.

FOOTNOTE.—As to the power of railroad commissions to require public service corporations to make connections with each other, see notes in 37 A. & E. Ann. Cas. 1915c, 1289, and 50 L. R. A. (N. S.) 652. As to the power of such commissions to compel railroads to build sidetracks, see notes in 38 A. & E. Ann. Cas. 1915d, 210, and 28 L. R. A. (N. S.) 652.

473; 88 S. C. 477; 92 S. C. 342; *Ib.* 418; 95 S. C. 251. *Purpose of injunction to preserve the status quo:* 27 S. C. 408; 81 S. C. 192; 88 S. C. 476.    *Not to remedy act already committed:* 77 S. C. 420.    *To prevent confiscation of plaintiff's property:* 136 N. Y. 577-584; 18 L. R. A. 546; 4 Wall. 277, 289; Code Civ. Proc., sec. 270, subd. 1.    *To prevent trespass of a continuing nature:* 94 S. C. 204; 54 S. C. 430; 90 S. C. 164.    *And multiplicity of actions:* 209 U. S. 158, 160, 162, 165; 74 S. C. 480.    *Against State officers:* 79 S. C. 331; 209 U. S. 123.    *Seven grounds upon which the prima facie showing was made that the orders of the commission and consequently the action of the defendants thereunder are illegal and invalid:* 1. *The orders are beyond the statutory authority of the commission:* Civil Code, secs. 3191, 3193, 3197, 3202; Const., art. IX, sec. 6; 192 U. S. 568; 212 U. S. 132.    2. *The orders authorize the Navigation Company to take the private property of plaintiff without condemnation, in violation of the Constitutions:* 75 S. C. 455; Civil Code, secs. 3203, 3300; 88 S. C. 477; 94 S. C. 200; 212 U. S. 132; 192 U. S. 568.    *The commission has no judicial power:* 87 S. C. 290.    3. *The orders endeavor to require plaintiff to make use of property it does not own, in violation of the Constitutions.*    4. *The orders are void because they affect interstate traffic:* 234 U. S. 342; 202 U. S. 543; 212 U. S. 132; 236 U. S. 157.    5. *The orders are unreasonable and so confiscatory:* 179 U. S. 288; 224 U. S. 510.    6. *The penalties entitle plaintiff to an injunction pendente lite:* 235 U. S. 657; 134 U. S. 418; 183 U. S. 79-100; 209 U. S. 714.    7. *The showing of continuous and repeated trespasses and threatened multiplicity of suits entitle plaintiff to an injunction pendente lite.*

*Mr. Solicitor Timmerman,* for respondent, cites: *As to rule of practice:* Code Civil Proc., sec. 270, subd. 1; 87 S. C. 568; 93 S. C. 555; 45 S. C. 126; 88 S. C. 476.    *Powers of Railroad Commission:* Const., art. IX, sec. 14; Civil Code,

secs. 3142, 3180, 3181, 3191, 3193, 3197, 3202; 224 U. S. 510. *Affecting interstate commerce:* 179 U. S. 288; 236 U. S. 157; Barnes Interstate Transportation 936. *Reasonableness of order:* 224 U. S. 510; 179 U. S. 287; 176 U. S. 174. *Penalties:* 235 U. S. 651.

March 6, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The record contains the following statement:

"This is an appeal from an order of the Honorable Ernest Moore, Circuit Judge, dated at Lancaster, S. C., September 17, 1915, and filed in the Court of Common Pleas at Columbia on the 20th September, 1915, denying to plaintiff-appellant an interlocutory injunction or an injunction *pendente lite*. On the 23d of July, 1915, at his chambers, in Columbia, S. C., the Honorable D. E. Hydrick, Associate Justice, upon the verified complaint hereinafter set forth, and an affidavit of J. B. S. Lyles, to the effect that Judge Mendel L. Smith, of the Fifth Circuit, was unavailable because of illness, which indisposition would continue for some time, as deponent was informed by the physician attending Judge Smith, issued an order requiring the defendants to show cause before the Judge of the Sixth Circuit, at his chambers, in Lancaster, 'why an interlocutory injunction should not issue against them and each of them, conformably to the prayer of the said complaint.' The order further proceeded: 'It is further ordered that in the meantime, and until the further order of the Court herein, the defendants be enjoined and restrained as follows: That the defendants, G. McDuffie Hampton, John G. Richards, and Frank W. Shealy, as members of and constituting the Railroad Commission of South Carolina, and each of them, be enjoined and restrained from in any manner enforcing, or attempting to enforce, the orders of said commission, set forth and referred to in said complaint, and be further enjoined and

restrained from in any manner instituting, or attempting to institute, any action at law or in equity concerning said orders, or attempting to impose any penalty or forfeiture upon the plaintiff on account of its failure and refusal to comply with said orders. That the defendant, Thomas H. Peeples, as Attorney General of the State of South Carolina, be enjoined and restrained from instituting any action at law or in equity against plaintiff on account of said orders, or attempting to impose any penalty or forfeiture upon plaintiff on account of its refusal to comply with the said orders. That the Columbia Railway & Navigation Company, its officers and agents, be enjoined and restrained from in any manner acting under said orders of the commission referred to in the complaint, and from tendering any freight to the plaintiff for transportation over said track and physical connection, and from in anywise calling upon plaintiff to comply with said orders of the Railroad Commission set forth in said complaint.' "

Upon the refusal of the Circuit Judge to grant said order, the plaintiff appealed to the Supreme Court, and, after the return had been filed in the Supreme Court, made a motion for a supersedeas, before the Honorable George W. Gage, Associate Justice, whereupon he made the following order:

"I am of the opinion the motion for temporary injunction herein must be allowed, notwithstanding it has been refused by the Honorable Ernest Moore. The issues made by the main action are patently grave, and the right to the temporary remedy prayed for is manifest. The defendants ought at least to be saved harmless, until the Supreme Court of this State can determine if the defendant shall be enjoined, until the main action shall have been tried. That is the utmost now asked and now available. Thereby the defendant, Columbia Railway & Navigation Company, cannot be injured. The bond now to be exacted of the plaintiff will protect that company. Contra, the plaintiff may suffer

injury, for the service exacted of it by the commission cannot be compensated for, if it shall turn out that the plaintiff is entitled to the temporary remedy of injunction."

The reasons assigned by him, in granting the motion for a supersedeas, satisfy this Court that his Honor, the Circuit Judge, erred in refusing the temporary injunction.

Having reached this conclusion, we shall not undertake to determine the numerous questions raised by the exceptions, as the merits thereof have not been decided by his Honor, the Circuit Judge, and, therefore, are not now properly before this Court for consideration. The only extent to which those questions could be considered by the Circuit Judge was in determining whether there was a *prima facie* showing for a temporary injunction. *Alston* v. *Limehouse,* 60 S. C. 559, 39 S. E. 188.

It is the judgment of this Court that the order refusing the temporary injunction be reversed, and that the order heretofore made by the Honorable D. E. Hydrick, Associate Justice, be continued in force and effect, until the rights of the parties shall be finally adjudicated. It is further ordered that the plaintiff shall forthwith execute to the Carolina Railway & Navigation Company a bond with surety to be approved by the clerk of the Court of Richland county, the amount thereof to be determined by a Circuit Judge, conditioned to pay to the said company all damage it may suffer, in case it shall be finally determined that the plaintiff is not entitled to a perpetual injunction.

MR. JUSTICE GAGE did not participate in the hearing of this cause.